IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERICA C. BAKER,

       Plaintiff,

vs.                                                                                                          No. CIV 10-0717 JB/GBW

LOVINGTON POLICE DEPARTMENT and
CITY OF LOVINGTON,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Letter from Robyn Hoffman to the Court (dated March 24, 2011), filed March 24, 2011 (Doc. 78). The Court held a hearing on March 25, 2011. The primary issues are: (i) whether the Court should order Plaintiff Erica Baker to answer interrogatories and requests for admissions relating to her relationship with Joshua Baker, a superior officer in the Lovington, New Mexico Police Department, whom she later married; and (ii) whether the Court should order E. Baker to admit or deny that, when Officer Edwin Salazar touched her pocket flap, she was wearing a bullet proof vest. Because the Court concludes that the information sought regarding E. Baker's relationship with J. Baker may lead to admissible evidence, and for the reasons stated on the record at the hearing and for further reasons stated herein, the Court will overrule E. Baker's objections, require her to amend her answer to Interrogatory No. 9 in the Plaintiff's Responses to Defendant's Second Set of Interrogatories ("Interrogatory"), and order her to amend her response to Defendants' First Request for Admissions Request for Admissions Nos. 5 and 10 of the Plaintiff's Responses to Defendants' First Request for Admissions ("Request for Admissions"). Because the Defendants have not filed a motion to overrule E. Baker's objection to

Request for Admissions No. 14, the Court will advise the parties that it is inclined to overrule the objection, but will not do so until and unless the Defendants properly move the Court.

## **FACTUAL BACKGROUND**

E. Baker alleges that she was discriminated against on the basis of her sex and pregnancy while employed at the Lovington Police Department. She further alleges that she was sexually harassed. She also alleges that she was constructively discharged, based in part on receiving the silent treatment from her coworkers.

According to the Defendants' account at the March 25, 2011 hearing, before their marriage, E. Baker and J. Baker were in a romantic relationship for a period of time. During this period, J. Baker became eligible for a promotion that would make him E. Baker's superior officer. To avoid any conflicts, E. Baker decided to leave her employment at the Lovington Police Department. After E. Baker left the Lovington Police Department, J. Baker was promoted. After a time, E. Baker returned to the Lovington Police Department, and the Defendants contend that E. Baker was rehired based on her and/or J. Baker's representations that their romantic relationship was terminated. Within three months of making those representations, E. Baker became pregnant with J. Baker's child. The Defendants thus contend that E. Baker falsely represented to her coworkers that her romantic relationship with J. Baker had ended and not resumed.

The City of Lovington Merit System Ordinance prohibits "[t]he practice or appearance of nepotism," which is defined as "giving preferential treatment in areas of employment including, but not limited to selection, benefit, pay, promotion, and discipline to an employee's near relative"; "near relative" includes "the employee's spouse, and any former spouse(s), or to unrelated persons sharing a spousal relationship." City of Lovington Merit System Ordinance at 13 (dated August 31,

2001).[1] The City of Lovington Merit System Ordinance does not define "spousal relationship," but the inclusion of the term in a list that separately delineates "the employee's spouse" suggests it is a significant romantic relationship that does not involve marriage.

## PROCEDURAL BACKGROUND

On December 12, 2010, E. Baker filed her First Amended Complaint for Discrimination. See Doc. 19 ("FAC"). She brings sex and pregnancy discrimination and sexual harassment claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, and a constructive discharge claim. The Defendants filed their Answer to First Amended Complaint for Discrimination [Doc. 19], filed December 14, 2010 (Doc. 27).

The discovery to which E. Baker objects seeks: (i) information about the nature of her relationship with J. Baker, see Interrogatory No. 9, at 2 ("On what date did your relationship with Joshua Baker become a romantic relationship?"); Request for Admissions No. 5, at 2 ("Admit that in October 2008 you assured Chief Chan Kim that your romantic relationship with Joshua Baker had ended."); Request for Admissions No. 10, at 3 ("Admit that you did not advise your supervisor immediately after you resumed your romantic and sexual relationship with Joshua Baker."); and (ii) an admission that E. Baker was wearing a bullet proof vest when Salazar touched her shirt pocket flap, see Request for Admissions No. 14, at 4 ("Admit that when Officer Edwin Salazar touched your pocket flap, you were wearing a bullet proof vest."). At the hearing, E. Baker's counsel stated that she has no objection to the Defendants inquiring when she cohabitated with J. Baker, but that information relating to when and whether her relationship with J. Baker became romantic or sexual is highly intrusive, is not relevant to the issues in this case, and is not reasonably calculated to lead

---

[1] The Defendants introduced the City of Lovington Merit System Ordinance at the hearing, but did not file it.

to the discovery of admissible evidence.  E. Baker also objected to the Defendants' argument regarding discovery whether E. Baker was wearing a bullet proof vest, because the Defendants' letter to the Court did not refer to this matter.  The Defendants responded that the information they seek relates to E. Baker's constructive discharge and sexual harassment claims.

At the parties' request at the hearing, the Court altered the scheduling order.  The Court provided the new deadlines as follows: (i) discovery motions are due May 19, 2011; (ii) the motion deadline is May 31, 2011; (iii) a motion hearing it scheduled July 6, 2011 at 9:00 a.m.; (iv) Baker's part of the pretrial order is due to the Defendants on July 28, 2011; The Defendants' pretrial order is due to the Court on August 3, 2011; (v) the pretrial conference is scheduled for August 4, 2011, at 1:30 p.m.; and (vi) the trial is scheduled on the Court's trailing docket for August 29, 2011.

## ANALYSIS

The Court overrules E. Baker's objections to disclosing information about her relationship with J. Baker, because the Defendants' inquiries appear to be reasonably calculated to lead to discoverable evidence.  The information the Defendants seek whether and when E. Baker's relationship with J. Bake became romantic and sexual is relevant to the Defendants' defense against E. Baker's constructive discharge claim.  E. Baker alleges that she was constructively discharged in part because she "was subjected to the 'silent treatment' at work."  FAC ¶ 47, at 9.  The Defendants contend that the nature and timing of her relationship with J. Baker is relevant to E. Baker's allegation in support of her constructive discharge claim.

The Defendants assert that E. Baker's representations about her relationship with J. Baker are relevant to her truthfulness and her qualifications for being rehired.  The Defendants further contend that E. Baker's false statements contributed to bad feelings against her in the department, contributing to a non-discriminatory basis for the silent treatment that is part of the basis of her

constructive discharge claim.  The timing of E. Baker's romantic relationship with J. Baker and her representations to her supervisors thus have some marginal relevance to the issues in this case, because E. Baker's relationships will likely be part of the evidence and issues at trial.  Moreover, the Court does not believe the additional discovery is unduly intrusive, because it seeks only a date, see Interrogatory No. 9, at 2 ("On what date did your relationship with Joshua Baker become a romantic relationship?"), and information about representations E. Baker did or did not make to her supervisors, see Request for Admissions No. 5, at 2 ("Admit that in October 2008 you assured Chief Chan Kim that your romantic relationship with Joshua Baker had ended."); Request for Admissions No. 10, at 3 ("Admit that you did not advise your supervisor immediately after you resumed your romantic and sexual relationship with Joshua Baker.").  The Court therefore overrules E. Baker's objections and orders her to respond to Interrogatory No. 9, and Request for Admissions Nos. 5 and 10.

      E. Baker also alleges an incidents of sexual harassment when Salazar touched E. Baker's pocket flap.  In Request for Admissions No. 14, the Defendants seek to discover whether E. Baker was wearing her bullet proof vest when the alleged touching occurred.  E. Baker contends that whether she was wearing a bullet proof vest is irrelevant, because sexual harassment is judged from the victim's point of view.  Because E. Baker requested at the hearing that the Court not rule on her objection without having the parties brief their positions, the Court will not decide the issue, but will give the parties guidance.  The Court believes that a reasonable jury could consider whether E. Baker was wearing a bullet proof vest relevant to whether a reasonable victim would perceive someone touching her pocket flap as sexual harassment, and is inclined to overrule E. Baker's objection and order her to respond to Request for Admissions No. 14.

      **IT IS ORDERED** that the requests in the Letter from Robyn Hoffman to the Court (dated

March 24, 2011), filed March 24, 2011, 2011 (Doc. 78), are granted, and Plaintiff Erica Baker shall submit her responses to the Defendants' discovery about her relationship with Joshua Baker by March 29, 2011.  The Court will not decide whether to overrule E. Baker's objection to disclosing whether she was wearing a bullet proof vest when an officer allegedly touched her pocket flap unless and until the issue is properly before the Court.  The Court alters the scheduling order as follows: (i) discovery motions are due May 19, 2011; (ii) the motion deadline is May 31, 2011; (iii) a motion hearing it scheduled July 6, 2011 at 09:00 a.m.; (iv) Baker's pretrial order is due on July 28, 2011; The Defendants' pretrial order is due on August 3, 2011; (v) the pretrial conference is scheduled for August 4, 2011, at 1:30 p.m.; and (vi) the trial is scheduled on the trailing docket for August 29, 2011.

_____
UNITED STATES DISTRICT JUDGE

Karen S. Mendenhall
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Robyn B. Hoffman
Stephen G. French
French & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*