IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERICA C. BAKER,

        Plaintiff,

vs.                                                                           No. CIV 10-0717 JB/GBW

LOVINGTON POLICE DEPARTMENT and
CITY OF LOVINGTON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Extension of Time to File Dispositive Motion and for New Scheduling Conference, filed May 27, 2011 (Doc. 84)("Motion"). The Court held a hearing on July 6, 2011. The primary issue is whether the Court should extend the deadline for the filing of dispositive motions from May 31, 2011 until June 21, 2011, and set a new scheduling conference. Because the Defendants have shown good cause for the extension, the Court will grant the Defendants' Motion.

## PROCEDURAL BACKGROUND

The Court initially set this matter for trial at the end of July, 2011. See Scheduling Order, filed November 3, 2010 (Doc. 10). After the parties requested a limited extension of discovery, see Joint Motion for One Month Extension of Time for Discovery Close and for New Scheduling Conference, filed March 3, 2011 (Doc. 48), the Court issued a minute order setting trial for the end of August, see Minute Order, filed March 26, 2011 (Doc. 65). The deadline for the Defendants to file their dispositive motion was May 31, 2011.

Plaintiff Erica Baker's counsel advised that she would be taking the deposition of Curtis

Rodgers, formerly a sergeant with Defendant Lovington, New Mexico Police Department. Rodgers resigned, however, from the Lovington Police Department in March 2011, and became employed in Ruidoso, New Mexico. Baker's counsel then advised that she would not take Rodger's deposition, but that she would contact him to have him give his deposition in Albuquerque, New Mexico to be taken by the Defendants' counsel. After initially agreeing to travel to Albuquerque, Rodgers apparently changed his mind, as Baker's counsel advised that his deposition must occur in Ruidoso.

The Defendants took the deposition of Baker's husband, Joshua Baker, on March 28, 2011, and Baker's deposition on March 30, 2011. After completing Baker's deposition, the Defendants' counsel advised that they had sufficient information to draft their motion for summary judgment. The Defendants' counsel thus said they were ready to draft their dispositive motion the beginning of April, 2011.

After Baker's deposition was completed, Baker's counsel began making arrangements to depose in Lovington six of the witnesses that the Defendants have disclosed. The Defendants' counsel asked if Baker's counsel would agree to a stay of the Lovington depositions until the Court decided the Defendants' motion for summary judgment. Baker's counsel responded that she would not agree to stay the litigation, because doing so would prejudice her, but that nothing prevented the Defendants' counsel from preparing and filing the Defendants' motion for summary judgment. The Defendants did not file their motion for summary judgment at that time.

The depositions went forward in Lovington. From April 26, 2011 through April 29, 2011, the parties were in Lovington for the depositions of six of the Defendants' employees that Baker's counsel took. The deponents are employees of either the City of Lovington or the Lovington Police Department. The Defendants have control over their witnesses. The Defendants' counsel had

previously met with and interviewed these witnesses.

Defendants' counsel, Robyn Hoffman, and her husband have suffered from serious physical illness. The health issues at issue did not arise until almost May, 2011. On Saturday, April 30, 2011, Ms. Hoffman's husband was taken to the emergency room at Presbyterian Hospital in Albuquerque for a near-fatal illness. For the week of May 2, 2011 through May 6, 2011, Ms. Hoffman was unable to attend to the normal legal business in her office because of her husband's hospitalization. On May 8, 2011, Ms. Hoffman obtained medical care from the urgent care facility in Albuquerque for her own medical condition, which was treated from May 9, 2011, through May 18, 2011.

Because of the serious medical condition of Ms. Hoffman's husband, and because of Ms. Hoffman's illness, the deposition of Baker's witness, Curtis Rodgers, which had been planned to occur during the two-week period of May 2, 2011 through May 13, 2011, did not take place. Ms. Hoffman is not a sole practitioner, and her associate, Steve French, is actively involved in this case.

The parties attended a mediation before the Honorable Gregory B. Wormuth, United States Magistrate Judge, on May 24, 2011. The matter was not resolved in the mediation.

On May 25, 2011, before filing this Motion, the Defendants contacted Baker's counsel. The Defendants' counsel requested that Baker agree to a three-week extension for dispositive motions and agree to move all other deadlines back sixty days. Baker did not agree to the Defendants' request, and on May 27, 2011, Baker's counsel advised that she opposes this motion.

The Defendants move the Court for an order extending the deadline for the filing of dispositive motions. The Defendants' counsel represents that they require additional time to prepare the summary judgment motion and to obtain affidavits from numerous employees of the Defendants. The Defendants represent that their employees have been difficult to contact because of their

different days off, shift times, and vacation leaves. Moreover, because this requested extension would extend the briefing time beyond the motions hearing currently scheduled for July 6, 2011, the Defendants request a new scheduling conference.

On June 1, 2011, Baker filed the Plaintiff's Response in Opposition to Defendants' Motion for Extension of Time to File Dispositive Motion and for New Scheduling Conference. See Doc. 86 ("Response"). Baker opposes the Defendants' request for an extension of time from the May 31, 2011 deadline until June 21, 2011 for the Defendants to file a motion for summary judgment. Baker contends that there is no reason why the Defendants' counsel could not have drafted a dispositive motion immediately after completing Baker's deposition, when, Baker contends, Defendants' counsel was prepared to draft a dispositive motion. Baker further asserts that, because the Defendants had access to the deponents of the Lovington depositions, there was no need for them to await the completion of the depositions before drafting a motion for summary judgment. She argues that, "[b]ecause Defendants had control over their witnesses, there is no reason why their counsel could not have obtained affidavits from them anytime." Response at 2. Baker further asserts that, while she is sympathetic to the health problems of Ms. Hoffman and her husband, Ms. Hoffman is not a sole practitioner, and others in her office could have completed a summary judgment motion in her absence. Baker asserts that she is "entitled to have her case resolved timely" and that continuing the trial setting would unduly prejudice her. Response at 3.

On June 15, 2011, the Defendants filed their Reply to Plaintiff's Response in Opposition to Defendants' Motion for Extension of Time to File Dispositive Motion and for New Scheduling Conference. See Doc. 89 ("Reply"). The Defendants contend that they cannot complete a motion for summary judgment until depositions conclude. They further contend that an extension of time will not unduly prejudice Baker. The Defendants also assert that fairness requires an extension of

time for them to file a dispositive motion.  Ms. Hoffman asserts that, while there are other attorneys at her office, the motion for summary judgment was her task, and it would take other attorneys time to get up to speed.

## **ANALYSIS**

Baker posits two grounds for her opposition to the Defendants' request for an extension of time.  First, Baker contends that the Defendants' counsel should have written the motion for summary judgment before the completion of Baker's six depositions which occurred in Lovington from April 26, 2011, to April 29, 2011.  Second, Baker contends that the extension will unduly prejudice her.  Neither of these grounds provide a sound basis for denying the extension.  For the reasons stated on the record at the hearing, the Court will grant the Defendants' Motion.

**I.     THE COURT SHOULD NOT REQUIRE THE DEFENDANTS TO COMPLETE A MOTION FOR SUMMARY JUDGMENT UNTIL THE CONCLUSION OF DEPOSITIONS.**

Baker argues that, because Ms. Hoffman gave Baker's counsel the option of staying discovery until the Court decided a motion for summary judgment, the Defendants could have prepared a motion for summary judgment in advance of Baker's seven depositions of the Defendants' witnesses.  Baker contends that there is no reason why the Defendants' counsel could not have drafted their dispositive motion immediately after completing Baker's deposition.  She argues that the Defendants' counsel was prepared at that time to draft a dispositive motion.  Baker contends that, because the Defendants had control over their witnesses, there is no reason why their counsel could not have obtained affidavits from them anytime.  Baker maintains that it was not necessary to wait for their depositions.

It is not reasonable or customary to require the Defendants to prepare a summary judgment motion before witnesses have committed their testimony under oath.  The Defendants concede that

they had control over the Lovington deponents and could have secured affidavits, but they do not control what the deponents will say in their depositions.  Moreover, at the time the parties submitted briefs on this matter, Baker had "not yet provided her sworn notarized verification of her Answers to Interrogatories," despite the Defendants' repeated requests.  Reply at 2.  The lack of sworn testimony from Baker might have made it difficult for the Defendants to put together a complete motion.  As the Defendants assert, "it is not reasonable for Plaintiff to require Defendants to strictly comply with deadlines when Plaintiff ignores them to the detriment of Defendants."  Reply at 3.

## II.     **AN EXTENSION WILL NOT UNDULY PREJUDICE BAKER.**

Baker is entitled to have her case resolved timely.  Trial has already been put back from the end of July to the end of August.  Baker states that the Defendants would have the trial put back another sixty days to the end of October, 2011.  The Court agrees that a delay of sixty days could unduly prejudice Baker.  On the other hand, forcing the Defendants to trial without affording them an opportunity to test the merits of Baker's claims through a summary judgment motion could also prejudice them.  The Court recently completed a trial in which the defendants did not file a pretial motion for summary judgment, and it was a difficult trial to try, because many of the legal and factual issues had not been sorted out and the case issued remained at trial.  It almost punishes the Court more than anyone to have to try a case when the issues have not been sifted before trial.

At the hearing, the Court and the parties agreed to schedule the trial on the Court's trailing docket on September 12, 2011.  The Court believes that a two week delay reasonably balances the Baker's right to have her action timely resolved against the need to accommodate Ms. Hoffman's personal hardships and afford the Defendants an opportunity to test the merits of Baker's claims.  This relatively short extension will not unduly prejudice Baker.

**IT IS ORDERED** Defendants' Motion for Extension of Time to File Dispositive Motion and for New Scheduling Conference, filed May 27, 2011 (Doc. 84), is granted. The dispositive motion hearing is now set on August 23, 2011. A pretrial order is due from the Plaintiff Erica Baker to the Defendants no later than August 26, 2011, and from the Defendants to the Court no later than September 1, 2011. The pretrial conference is set for September 2, 2011. The case is set for trial on the Court's September 12, 2011 trailing docket.

```
_____
UNITED STATES DISTRICT JUDGE
```

*Counsel:*

Karen S. Mendenhall
Eaves & Mendenhall, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Stephen G. French
Robyn Hoffman
French & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*